# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alessandro G. Assanti (SBN: 181368)<br>Ashley S. Randolph (SBN: 286490)<br>A.G. Assanti & Associates, APLC<br>33 Brookline<br>Aliso Viejo, CA, 92656<br>TELEPHONE NO.: (949) 540-0439 FAX NO. (949) 540-0458<br>ATTORNEY FOR (Name): | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**02/09/2015** at 04:46:11 PM<br><br>Clerk of the Superior Court<br>By Davon Velasquez,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Ctr Drive West, Room D-11
MAILING ADDRESS: P.O. Box 838
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME: Central

CASE NAME: SUDDRETH & ROCHA, Guardian Ad Litem for BREANNA LOPEZ, a minor, both individually and as Successors in Interest of the ESTATE OF ROSEMARY LOPEZ

| CIVIL CASE COVER SHEET | | Complex Case Designation | | 30-2015-00770980-CU-PP-CJC |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Craig Griffin<br>DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
 b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
 c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): 8

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 9, 2015

ASHLEY S RANDOLPH, ESQ.
(TYPE OR PRINT NAME)

▶ Ashley S. Randolph
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | *Legal Solutions ❧ Plus* | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** BRE PROPERTIES, INC., a
*(AVISO AL DEMANDADO):* California Corporation; ESSEX
PROPERTY TRUST, INC., a California Corporation; THE
HAVENS APARTMENT HOMES, an entity unknown; WHIRLPOOL
CORPORATION, a Michigan Corporation; and DOES 1-50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** JOSEPH SUDDRETH and LUZ
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ROCHA, Guardian Ad
Litem for BREANNA LOPEZ, a minor, both individually
and as Successors in Interest of the ESTATE OF
ROSEMARY LOPEZ

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/09/2015** at 04:46:11 PM

Clerk of the Superior Court
By Davon Velasquez,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court, County of Orange
700 Civic Ctr Drive West, Room D-11
P.O. Box 838
Santa Ana, CA 92702

**CASE NUMBER:**
30-2015-00770980-CU-PP-CJC

Judge Craig Griffin

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alessandro Assanti (SBN: 181368)                              (949) 540-0458
A.G. Assanti & Associates, APLC
33 Brookline
Aliso Viejo, CA, 92656

DATE: 02/09/2015                                                Clerk, by _____, Deputy
*(Fecha)*     ALAN CARLSON, Clerk of the Court    *(Secretario)*                                 *(Adjunto)*

Davon Velasquez

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*
**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465



1 | Alessandro G. Assanti, Esq. (SBN: 181368)
Ashley S. Randolph (SBN: 286490)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/09/2015** at 04:46:11 PM

Clerk of the Superior Court
By Davon Velasquez,Deputy Clerk

2 | A.G. ASSANTI & ASSOCIATE, P.C.
33 Brookline St.
3 | Aliso Viejo, CA 92656
Telephone (949) 540-0439
4 | Facsimile (949) 540-0458

5 | Attorneys for Plaintiffs JOSEPH SUDDRETH and LUZ ROCHA, Guardian Ad Litem for
BREANNA LOPEZ, both individually and as Successors in Interest of the Estate of Rosemary
6 | Lopez

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA
9

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
10

11 | JOSEPH SUDDRETH and LUZ ROCHA,      ) CASE NO.: 30-2015-00770980-CU-PP-CJC
Guardian Ad Litem for BREANNA LOPEZ, a   )
12 | minor, both individually and as Successors in  )
13 | Interest of the ESTATE OF ROSEMARY       ) Assigned for all purposes to:
LOPEZ                                    ) Honorable  Judge Craig Griffin
14 |                                          ) Dept.
                                          )
15 |            Plaintiffs,                  ) **COMPLAINT FOR DAMAGES FOR:**
                                          ) **1.   WRONGFUL DEATH BY:**
16 |      vs.                                )      **a.  NEGLIGENCE**
                                          )      **b.  PREMISES LIABILITY**
17 | BRE PROPERTIES, INC., a California       )      **c.  PRODUCTS LIABILITY**
Corporation; ESSEX PROPERTY TRUST,       )      **d.  INTENTIONAL AND/OR**
18 | INC., a California Corporation; THE HAVENS )          **RECKLESS CONDUCT**
19 | APARTMENT HOMES, an entity unknown;     ) **2.   PLAINTIFFS AS SUCCESSORS-IN-**
WHIRLPOOL CORPORATION, a Michigan       )      **INTEREST, NEGLIGENCE**
20 | Corporation; and DOES 1 - 50, inclusive,  ) **3.   PLAINTIFFS AS SUCCESSORS-IN-**
                                          )      **INTEREST, PREMISES LIABILITY**
21 |            Defendants.                  ) **4.   PLAINTIFFS AS SUCCESSORS-IN-**
                                          )      **INTEREST, PRODUCTS LIABILITY**
22 |                                          ) **5.   PLAINTIFFS AS SUCCESSORS-IN-**
23 |                                               **INTEREST, INTENTIONAL AND/**
                                               **OR RECKLESS CONDUCT**
24

25

26

27

28

---

1

COMPLAINT FOR WRONGFUL DEATH AND SURVIVOR'S ACTIONS

Plaintiffs, Joseph Suddreth and Breanna Lopez, a minor, both individually and as Successors in Interest of the ESTATE OF ROSEMARY LOPEZ allege as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, JOSEPH SUDDRETH, is an individual who resides in the city of Hacienda Heights California, County of Los Angeles. At the time of the subject incident (hereinafter described below), which gave rise to this complaint, JOSEPH SUDDRETH, was the son of the decedent, Rosemary Lopez, and is therefore a successor-in-interest and is entitled to bring the causes of action herein alleged pursuant to §377.30 of the California Code of Civil Procedure.

2. Plaintiff, LUZ ROCHA, Guardian Ad Litem for BREANNA LOPEZ, who is a minor, is an individual who resides in the city of Maywood, California, County of Los Angeles. At the time of the subject incident (hereinafter described below), which gave rise to this complaint, BREANNA LOPEZ, was the daughter of the decedent, Rosemary Lopez, and is therefore a successor-in-interest and is entitled to bring the causes of action herein alleged pursuant to §377.30 of the California Code of Civil Procedure.

3. Plaintiffs JOSEPH SUDDRETH and LUZ ROCHA, Guardian Ad Litem for BREANNA LOPEZ, both individually and as Successors-in-Interest of the ESTATE OF ROSEMARY LOPEZ (hereinafter referred to as "Plaintiffs"), are informed and believe and on that basis allege that BRE PROPERTIES, INC. is and at all times herein mentioned was, a corporation duly organized, licensed and operating in the State of California.

4. Plaintiffs are informed and believe and on that basis allege that BRE PROPERTIES, INC. was managing THE HAVENS APARTMENT HOMES in Orange County, California at the time of the alleged incident described below.

5. Plaintiffs are informed and believe and on that basis allege that THE HAVENS APARTMENT HOMES is an entity unknown.

6. Plaintiffs are informed and believe and on that basis allege that BRE PROPERTIES, INC. is owned by ESSEX PROPERTY TRUST, INC., which is a real estate investment trust that

2

1  acquires, develops, redevelops, and manages multifamily apartment communities located

2  along the West Coast.

3 7. Plaintiffs are informed and believe and on that basis allege that WHIRLPOOL

4   CORPORATION is and at all times herein mentioned was, a Delaware corporation

5   headquartered in Benton Harbor, Michigan and known for doing business both nationally

6   and internationally, including in California.

7 8. At this time, Plaintiffs are unaware of those persons and individuals who were in the stream

8   of commerce of the sale, distribution and component manufacturer of the subject appliance

9   as herein referred, and thereby sue said unknown defendants as DOES.

10 9. The true names and capacities, whether individual, corporate, associate or otherwise, of the

11   Defendants sued herein as Does 1 through 50 are presently unknown to Plaintiffs, who

12   therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe

13   and based thereon allege that each of the Fictitiously Named Defendants are responsible in

14   some manner for the occurrences as alleged herein and that Plaintiffs' losses as alleged

15   herein were proximately caused by such conduct. Plaintiffs will amend the complaint to

16   allege the true names and capacities of the DOE Defendants when the same has been

17   ascertained.

18 10. Each reference to "Defendant", "DEFENDANT" and/or "DEFENDANTS" herein is

19   intended to be a reference to all DEFENDANTS named herein, including the Fictitiously

20   Named Defendants, unless otherwise expressly indicated or the context otherwise requires.

  11.

21   Plaintiffs are informed and believe and based thereon allege that at all times mentioned

22   herein each of the Fictitiously Named Defendants were the employer, employee, joint

23   venturer, partner, agent, representative, co-conspirator and/or servant of each of the

24   remaining DEFENDANTS, and in doing each and all of the things hereinafter alleged was

25   acting within the scope and purpose of his/her/its authority as such employer, employee,

26   joint venturer, partner, agent, representative, co-conspirator and/or servant, and with the

27   permission, consent and ratification, whether express or implied, of each of the remaining

28   DEFENDANTS.

3

COMPLAINT FOR WRONGFUL DEATH AND SURVIVOR'S ACTIONS

12. Plaintiffs further allege that each of said DEFENDANTS proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of the direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

## FACTS COMMON TO ALL COUNTS

13. On April 3, 2014, the Fountain Valley Fire Department responded to a fire located within THE HAVENS APARTMENT HOMES complex at 10463 Slater Ave., #205, in Fountain Valley, California, in the County of Orange, (hereinafter referred to as "Residence") and found the decedent, Rosemary Lopez (hereinafter referred to as "Decedent") unconscious inside her apartment, lying on her back approximately ten feet from her front door. She was unresponsive and in full arrest when firefighters carried her out of her apartment.

14. The Decedent died later that day at Fountain Valley Hospital in Fountain Valley, California, after succumbing to injuries sustained in the fire inside the Residence. An autopsy was performed.

15. In a letter dated June 24, 2014, the Orange County Sheriff's Department Coroner concluded that the Decedent died of thermal injuries with acute carbon monoxide intoxication due to residential conflagration.

16. At the time of her death, the Decedent resided in THE HAVENS APARTMENT HOMES, which is managed by BRE PROPERTIES, INC. In April 2014, BRE PROPERTIES, INC. and ESSEX PROPERTY TRUST, INC. merged.

17. The Decedent lived at the Residence at the time of her death with her daughter and herein named Successor-in-Interest, BREANNA LOPEZ. Breanna was not present at the time of the incident.

18. JOSEPH SUDDRETH is also the son and herein named Plaintiff and Successor-in-Interest of the Decedent. He was not present at the time of the incident.

19. An independent investigation of the incident was conducted where Plaintiff has become informed and thereon believes that the fire originated in the northwest corner of the Decedent's kitchen in the Residence where the refrigerator was located. The investigation further concluded that plastic and foam insulation inside the refrigerator caught fire likely due to a failure of the internal wiring within the appliance. This conclusion was based on burn patterns, areas of damage to the interior of the kitchen, damage to the attic space above the kitchen and the total destruction of the refrigerator unit.

## FIRST CAUSE OF ACTION

### (WRONGFUL DEATH: NEGLIGENCE)
*(by Plaintiffs, both individually, against Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50)*

20. Plaintiffs refer to and herein incorporate paragraphs 1 through 19, as though fully set forth herein.

21. Plaintiffs are informed and believe and thereon allege that Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, owned, leased, maintained, managed, and/or controlled the apartment complex where the Decedent died.

22. Plaintiffs are informed and believe and thereon allege that Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, failed to exercise reasonable and ordinary care in the ownership, leasing, maintenance, management and/or control of the apartment complex where this incident occurred that lead to the Decedent's death.

23. As a proximate result of the above described failure of BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, the Decedent died in the Residence.

24. As a proximate result of the death of the Decedent, and the above described failure of BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC.,THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, Plaintiffs, both individually, have sustained substantial economic and non-economic damages resulting from the loss of love, comfort, society, attention, services, and support from the decedent, in an amount according to proof at trial.

25. As a further and proximate result of the above-described failure of BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, and the ensuing death of the decedent, Plaintiffs, both individually, have incurred funeral and burial expenses in an amount according to proof at trial.

26. The damages as plead herein have caused and will cause damages that are unknown at the present time, but in excess of the jurisdictional limit of this court.

## SECOND CAUSE OF ACTION

**(WRONGFUL DEATH: PREMISES LIABILITY)**
*(by Plaintiffs, both individually, against Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50)*

27. Plaintiffs refer to and herein incorporate paragraphs 1 through 26, as though fully set forth herein.

28. Plaintiffs are informed and believe and thereon allege that BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC. and Does 1 to 50, and each of them, owned, leased, maintained, managed, and controlled THE HAVENS APARTMENT HOMES complex where the Decedent died.

29. Plaintiffs are informed and believe and thereon allege that in 2012, prior to the Decedent moving into the Residence, Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, caused the subject kitchen appliance as herein described to be installed, maintained, used, and/or supplied in the Decedent's kitchen.

6

30. The subject kitchen appliance is a Whirlpool refrigerator, model #: W8TXEWFYQ.

31. At all times mentioned herein BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, knew, or in the exercise of ordinary and reasonable care, should have known that the subject kitchen appliance was dangerous, hazardous, and unsafe and posed an unreasonable risk of harm and personal injury to the Decedent.

32. The Decedent was, at all times herein mentioned, unaware of the hazardous condition or the risk of personal injury created by the aforesaid presence, maintenance, and use of the Whirlpool refrigerator in the Residence.

33. Plaintiffs are also informed and believe and thereon allege that Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, failed to furnish and maintain fully-operable smoke alarms in the Residence.

34. At all times mentioned herein, Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, owed to the Decedent, and others similarly situated, a duty to exercise reasonable and ordinary care in providing and furnishing safe kitchen appliances and maintaining fully-operable smoke detectors on the premises.

35. As a result of Defendants' BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, failures to furnish and maintain fully-operable smoke alarms in the Decedent's apartment, the Decedent did not receive advanced warning of the fire in her kitchen and was overcome with smoke inhalation resulting in her death.

36. As a direct and legal result of the negligence of Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and the death of the Decedent, Plaintiffs, both individually, have sustained economic damages consisting of (1) the value of lost financial and other support from the decedent, (2) the value of gifts or benefits that the decedent would have provided, (3) the value of funeral

7

1  and burial expenses, and (4) the reasonable value of household services that the decedent

2  would have provided.

3

4  37. As a direct and legal result of the negligence of Defendants BRE PROPERTIES, INC.,

5  ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to

6  50, and the death of the Decedent, Plaintiffs, both individually, have also sustained non-

7  economic damages consisting of loss of the decedent's love, companionship, comfort, care,

8  assistance, protection, affection, society, and moral support.

9  38. The damages as plead herein have caused and will cause damages that are unknown at the

10  present time, but in excess of the jurisdictional limit of this court.

11

12  **THIRD CAUSE OF ACTION**

13  **(WRONGFUL DEATH: PRODUCTS LIABILITY-NEGLIGENCE)**
   *(by Plaintiffs, both individually, against WHIRLPOOL CORPORATION and Does 1 to 50)*

14

15  39. Plaintiffs refer to and herein incorporate paragraphs 1 through 38, as though fully set forth

16  herein.

17  40. At the times mentioned, Defendant WHIRLPOOL CORPORATION and Does 1 to 50, and

18  each of them, was engaged in the business of manufacturing, compounding, packaging,

19  designing, distributing, testing, constructing, fabricating, analyzing, recommending,

20  merchandising, advertising, promoting, and selling to wholesalers and retail stores for

21  consideration a certain 14-cubic foot, ADA-Compliant Top Freezer Refrigerator with White

22  Crispers, model # W8TXEWFYQ, and its component parts and constituents for resale to and

23  use by members of the general public for the purpose of refrigerating food and similar

24  perishable items.

25  41. At all times herein mentioned, Defendant WHIRLPOOL CORPORATION and Does 1 to

26  50, and each of them, manufactured, compounded, packaged, designed, distributed, tested,

27  constructed, fabricated, analyzed, recommended, merchandised, advertised, promoted, and

28  sold the 14-cubic foot, ADA-Compliant Top Freezer Refrigerator with White Crispers,

8

model # W8TXEWFYQ, and its component parts and constituents to distributors, retail outlets, and the general public for the purpose of refrigerating food and similar perishable items.

42. At all times herein mentioned, Defendant WHIRLPOOL CORPORATION and Does 1 to 50, and each of them, had a duty to properly manufacture, compound, design, distribute, test, construct, fabricate, analyze, recommend, merchandise, advertise, promote, inspect, package, label, and market said product.

43. At all times herein mentioned, Defendants WHIRLPOOL CORPORATION and Does 1 to 50, and each of them, knew, or in the exercise of reasonable and ordinary care should have known, that the14-cubic foot, ADA-Compliant Top Freezer Refrigerator with White Crispers, model # W8TXEWFYQ, was a product of such a nature that, if it was not properly manufactured, compounded, designed, distributed, tested, constructed, fabricated, analyzed, recommended, merchandised, advertised, promoted, inspected, packaged, labeled, and marketed for the use and purpose for which it was intended, it was likely to injure the person by whom it was used.

44. Defendants WHIRLPOOL CORPORATION and Does 1 to 50, and each of them, so negligently and carelessly manufactured, compounded, designed, distributed, tested or failed to test, constructed, fabricated, analyzed, recommended, merchandised, advertised, promoted, inspected or failed to inspect, packaged, labeled, marketed, and/or sold the said product that the same was a defective and dangerous product, and unsafe for the use and purpose for which it was intended when used and applied as recommended by Defendants WHIRLPOOL CORPORATION and Does 1 to 50.

45. On or about April 3, 2014, the Decedent was using said product for the purpose for which it was intended to be used.

46. Because of the aforementioned negligence of the Defendants WHIRLPOOL CORPORATION and Does 1 to 50, and each of them, in the manufacturing, compounding, designing, distributing, testing or failure to test, construction, fabrication, analysis, recommendation, merchandising, advertising, promotion, inspection or failure to inspect,

9

packaging, labeling, marketing, and/or selling of said product, said product was caused to ignite and set fire to the Decedent's kitchen causing Decedent severe, grievous, and serious injuries that resulted in her death.

47. As a proximate result of the negligence of Defendant WHIRLPOOL CORPORATION and Does 1 to 50, and each of them, Plaintiffs, both individually and as Decedent's Successors-in-Interest, have incurred medical, funeral and other related expenses, the full nature and extent and amount of which are not yet known to Plaintiffs, and leave is requested to amend this complaint to conform to proof at the time of trial.

48. As a proximate result of the negligence of Defendant WHIRLPOOL CORPORATION and Does 1 to 50, and each of them, Plaintiffs incurred, and will incur, loss of financial support from the Decedent as well as loss of the Decedent's love, comfort, care, assistance, protection, and moral support.

49. The damages as plead herein have caused and will cause damages that are unknown at the present time, but in excess of the jurisdictional limit of this court.

## FOURTH CAUSE OF ACTION

### (WRONGFUL DEATH: INTENTIONAL AND/OR RECKLESS CONDUCT)
*(by Plaintiffs, both individually, against WHIRLPOOL CORPORATION and Does 1 to 50)*

50. Plaintiffs refer to and herein incorporate paragraphs 1 through 49, as though fully set forth herein.

51. Alternatively, if it is determined that Defendants WHIRLPOOL CORPORATION and Does 1 to 50 had no legal duty of care to the Decedent, Defendants WHIRLPOOL CORPORATION and Does 1 to 50, and each of them, acted intentionally and/or recklessly by knowingly placing the subject kitchen appliance into the stream of commerce with knowledge that said product, and/or its component parts had previously caused injury and thereby are subject to punitive damages for their malicious, willful or conscious disregard for the safety of its consumers, including the Decedent and Plaintiffs.

52. Plaintiffs pray for punitive damages according to proof at trial which are designed to punish said Defendants WHIRLPOOL CORPORATION and Does 1 to 50, and each of them, for their conduct and to deter others from engaging in such harm.

53. The damages as plead herein have caused and will cause damages that are unknown at the present time, but in excess of the jurisdictional limit of this court.

## FIFTH CAUSE OF ACTION

### (SURVIVOR'S ACTION: NEGLIGENCE)
*(by Plaintiffs, as Successors in Interest of the ESTATE OF ROSEMARY LOPEZ, against Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50)*

54. Plaintiffs refer to and herein incorporate paragraphs 1 through 53, as though fully set forth herein.

55. Plaintiffs, JOSEPH SUDDRETH and LUZ ROCHA, Guardian Ad Litem for BREANNA LOPEZ, are Successors-in-Interest to the ESTATE OF ROSEMARY LOPEZ and bring this cause of action in that capacity in place of Rosemary Lopez, as there is no estate, nor is there any probate of such estate, who put for her death, would bring this cause of action.

56. Plaintiffs are informed and believe and thereon allege that Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein by actions and inactions which include, but are not limited to, the ownership, maintenance, management and control of the location where this incident occurred.

57. As a proximate result of the above mentioned conduct of Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, the Decedent suffered extreme pain as well as physical damage, mental anguish and injury to her body causing her death. Therefore they are liable

to Plaintiffs, in their capacities as Decedent's Successors-in-Interest for such pain, suffering, and mental anguish in an amount to be shown according to proof.

58. The damages as plead herein have caused and will cause damages that are unknown at the present time, but in excess of the jurisdictional limit of this court.

## SIXTH CAUSE OF ACTION

### (SURVIVOR'S ACTION: PREMISES LIABILITY)

*(by Plaintiffs, as Successors in Interest of the ESTATE OF ROSEMARY LOPEZ, against Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50)*

59. Plaintiffs refer to and herein incorporate paragraphs 1 through 58, as though fully set forth herein.

60. Plaintiffs, JOSEPH SUDDRETH and LUZ ROCHA, Guardian Ad Litem for BREANNA LOPEZ, are Successors-in-Interest to THE ESTATE OF ROSEMARY LOPEZ and bring this cause of action in that capacity in place of Rosemary Lopez, as there is no estate, nor is there any probate of such estate, who put for her death, would bring this cause of action.

61. Plaintiffs are informed and believe and thereon allege that Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, breached their duties to exercise reasonable and ordinary care in providing and furnishing safe kitchen appliances and maintaining fully-operable smoke detectors on the premises.

62. As a proximate result of the above mentioned conduct of Defendants BRE PROPERTIES, INC., ESSEX TRUST COMPANY, INC., THE HAVENS APARTMENT HOMES and Does 1 to 50, and each of them, the Decedent suffered extreme pain as well as physical damage, mental anguish and injury to her body causing her death. Therefore they are liable to Plaintiffs, in their capacities as Decedent's Successors-in-Interest for such pain, suffering, and mental anguish in an amount to be shown according to proof.

63. The damages as plead herein have caused and will cause damages that are unknown at the present time, but in excess of the jurisdictional limit of this court.

## SEVENTH CAUSE OF ACTION

### (SURVIVOR'S ACTION: PRODUCTS LIABILITY)
*(by Plaintiffs, as Successors in Interest of the ESTATE OF ROSEMARY LOPEZ, against WHIRLPOOL CORPORATION and Does 1 to 50)*

64. Plaintiffs refer to and herein incorporate paragraphs 1 through 63, as though fully set forth herein.

65. Plaintiffs, JOSEPH SUDDRETH and LUZ ROCHA, Guardian Ad Litem for BREANNA LOPEZ, are Successors-in-Interest to THE ESTATE OF ROSEMARY LOPEZ, and bring this cause of action in that capacity in place of Rosemary Lopez, as there is no estate, nor is there any probate of such estate, who put for her death, would bring this cause of action.

66. Plaintiffs are informed and believe and thereon allege that Defendants WHIRLPOOL CORPORATION and Does 1 to 50, and each of them, breached its duty to properly manufacture, compound, design, distribute, test, construct, fabricate, analyze, recommend, merchandise, advertise, promote, inspect, package, label, and market said product.

67. As a proximate result of the above mentioned conduct of WHIRLPOOL CORPORATION and Does 1 to 50, and each of them, the Decedent suffered extreme pain as well as physical damage, mental anguish and injury to her body causing her death. Therefore they are liable to Plaintiffs, in their capacities as Decedent's Successors-in-Interest for such pain, suffering, and mental anguish in an amount to be shown according to proof.

68. The damages as plead herein have caused and will cause damages that are unknown at the present time, but in excess of the jurisdictional limit of this court.

## EIGHTH CAUSE OF ACTION

### (SURVIVOR'S ACTION: INTENTIONAL AND/OR RECKLESS CONDUCT)
*(by Plaintiffs, as Successors in Interest of the ESTATE OF ROSEMARY LOPEZ, against WHIRLPOOL CORPORATION and Does 1 to 50)*

69. Plaintiffs refer to and herein incorporate paragraphs 1 through 68, as though fully set forth herein.

///

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

### Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

### BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

### DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
* Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
* Contact the Orange County Bar Association at (949) 440-6700
* Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
* Community Service Programs, Inc. (949) 250-4058
* Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | | *FOR COURT USE ONLY* |
|---|---|---|
| Telephone No.:            Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:         Bar No: | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>**JUSTICE CENTER:**<br>□ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>□ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>□ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>□ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 | | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | | CASE NUMBER: |

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                       (SIGNATURE OF PLAINTIFF OR ATTORNEY)         (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                       (SIGNATURE OF DEFENDANT OR ATTORNEY)       (SIGNATURE OF DEFENDANT OR ATTORNEY)